1  Paul W. Moncrief, Esq.  SBN 204239
   JOHNSON & MONCRIEF, PLC
2  295 Main Street, Suite 600
   Salinas, CA 93901
3  Telephone: (831) 759-0900
   Facsimile: (831) 759-0902
4
   E-FILING
5  Attorney for Plaintiff,
   Andrew Smith Company

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                       SAN JOSE DIVISION

10

11                                    C 07   04306      HRL

12  ANDREW SMITH COMPANY,           Case No.

13          Plaintiff,              COMPLAINT FOR VIOLATIONS
                                    OF THE PERISHABLE
14  v.                              AGRICULTURAL COMMODITIES
                                    ACT ("PACA") [7 U.S.C. §499a et
15                                  seq.]
    LETT US ONE, ROBERT ROMERO, an
16  individual, LIZZETE MALDONADO, an   1. BREACH OF CONTRACT;
    individual, and DOES 1 through 20, Inclusive,  2. ENFORCEMENT OF
17                                         STATUTORY TRUST
                                           PROVISIONS OF PACA;
18          Defendants.                  3. FOR VIOLATION OF PACA;
                                           FAILURE TO ACCOUNT
19                                         AND PAY PROMPTLY;
                                         4. FOR INJUNCTIVE RELIEF
20                                         AND/OR TEMPORARY
                                           RESTRAINING ORDER;
21                                       5. UNJUST ENRICHMENT;
                                         6. CONVERSION; and
22                                       7. DECLARATORY RELIEF.

23      Plaintiff ANDREW SMITH COMPANY alleges as follows:

24                              I.

25                   JURISDICTION AND VENUE

26      1.    This court has jurisdiction of this case pursuant to Section 5(c)(5) of the

27  Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. Section 499(c)(5)

28

("PACA") and pursuant to 28 U.S.C. Section 1331.  Venue is proper pursuant to 28 U.S.C. Section 1391(b).

## II.

## GENERAL ALLEGATIONS

2.      Plaintiff ANDREW SMITH COMPANY ("Plaintiff") is now and at times material herein has been a general partnership doing business under the laws of the State of California, with its principal place of business in the City of Salinas, California.

3.      Plaintiff is informed, believes, and thereon alleges that Defendant LETT US ONE is a corporation formed and doing business under the laws of Puerto Rico.

4.      Plaintiff is informed, believes, and thereon alleges that Defendant ROBERT ROMERO ("Romero") is now and all times mentioned herein was an individual who is an officer, director, principal and/or shareholder of LETT US ONE.

5.      Plaintiff is informed, believes, and thereon alleges that Defendant LIZZETTE MALDONADO ("Maldonado") is now and all times mentioned herein was an individual who is an officer, director, principal and/or shareholder of LETT US ONE.

6.      Plaintiff is informed, believes and thereon alleges that Romero and Maldonado are and at all times material herein have been insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during all times relevant herein were responsible for the daily management and control of LETT US ONE and who are and during all relevant times herein were statutory trustees under PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

7.      At all times relevant herein, Defendants, and each of them, were acting as agents of one another with the course and scope of such agency and were engaged in the handling of produce in interstate and/or foreign commerce as commission merchants, dealers, and/or brokers, subject to the provisions of PACA and the regulations promulgated by the Secretary of Agriculture of the United States pursuant to PACA.  Defendant LETT US ONE operates under PACA License No. 20060089.

8.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein

1  as DOES 1 through 20, inclusive, and therefore sues there Defendants by such fictitious names.

2  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

3  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named

4  Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's

5  damages as herein were proximately caused by their conduct.

6      9.    Between December 2006 and February 2007, Defendants purchase four shipments

7  of lettuce, a perishable agricultural commodity being shipped in interstate commerce, from

8  Plaintiff under Plaintiff's invoice numbers 20955, 21029, 21179 and 21374. Defendant promised

9  to pay Plaintiff the invoiced amount for each shipment of lettuce within 15 days and payment

10  within that time period is required by the PACA. Defendants promised to pay Plaintiff $6,467.58

11  for the lettuce delivered to Defendants under Plaintiff's invoice number 20955. (A true and

12  correct copy of invoice number 20955 is attached hereto as Exhibit A and incorporated herein by

13  reference.)   Defendants promised to pay Plaintiff $7,013.59 for the lettuce delivered to

14  Defendants under Plaintiff's invoice number 21029. (A true and correct copy of invoice number

15  21029 is attached hereto as Exhibit B and incorporated herein by reference.)   Defendants

16  promised to pay Plaintiff $8,044.94 for the lettuce delivered to Defendants under Plaintiff's

17  invoice number 21179. (A true and correct copy of invoice number 21179 is attached hereto as

18  Exhibit C and incorporated herein by reference.) Defendants promised to pay Plaintiff $6,467.58

19  for the lettuce delivered to Defendants under Plaintiff's invoice number 21374. (A true and

20  correct copy of invoice number 21374 is attached hereto as Exhibit D and incorporated herein by

21  reference.) Plaintiff promptly invoiced Defendants for each of the shipments delivered between

22  December 2006 and February 2007. However, Defendants have failed and refused to make

23  payment on the invoices for the lettuce delivered to Defendants by Plaintiff. Such payments, due

24  by Defendants, are each more than 90 days overdue, since delivery of the invoices to Defendants.

25      10.    Subsequent to Defendants' failure to make timely payment on the four shipments

26  of lettuce described herein, Plaintiff contacted Defendants. Defendants again promised that they

27  would make payment on the invoices. However, Defendants again failed and refused to remit

28  payment to Plaintiff by the agreed upon date.

### III.

### FIRST CAUSE OF ACTION

### (Breach of Contract Against Defendant LETT US ONE)

11.    Plaintiff hereby alleges and incorporates by reference paragraph 1 through 9 of this Complaint, inclusive, as though fully set forth herein.

12.    Between or on about December 28, 2006 and February 2, 2007, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendant LETT US ONE, at Defendant LETT US ONE's request, for which LETT US ONE agreed to pay Plaintiff in amounts at least as the sum of Twenty-Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68).

13.    At or about the date of each transaction described above, Plaintiff forwarded to Defendant LETT US ONE invoices for payment of Defendant LETT US ONE's purchase of the commodities described above.

14.    Plaintiff has repeatedly demanded that Defendant LETT US ONE pay the amounts due and owing under the invoices.  However, Defendant LETT US ONE has failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased by Defendant LETT US ONE and no part of the sum due and owing has been paid.

15.    Plaintiff has performed all conditions, covenants and obligations required to be performed by it under the agreement for sales of produce as set forth herein.

16.    At the direct and proximate result of the failure of Defendant LETT US ONE to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the amount of at least Twenty-Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68), plus interest, attorneys fees and collection costs.

### IV.

### SECOND CAUSE OF ACTION

### (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

17.    Plaintiff hereby realleges and incorporates by reference paragraph 1 through 16 of this Complaint, inclusive, as though fully set forth herein.

18.     Plaintiff at all times relevant herein was engaged in the business of selling and shipping perishable agricultural commodities as defined by PACA [7 U.S.C. Section 499(4)].

19.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

20.     Pursuant to 7 U.S.C. Section 499e(c)(1)-(4) of PACA, upon receipt of the produce sold by Plaintiff to Defendant LETT US ONE, Plaintiff became the beneficiary of the floating, nonsegregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

21.     Pursuant to the statutory trust provisions of PACA (7 U.S.C. Section 499e(c)(1)-(4)), Plaintiff is informed and believes and thereon alleges that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the total amount of at least Twenty-Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68).

22.     Plaintiff is informed and believes for the reasons alleged at paragraph 3 through 7, inclusive, above, that Defendants, and each of them, are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.

23.     Plaintiff is informed and believes and thereon alleges that Defendant have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA, 7 U.S.C. Section 44(b)(4), and 7 C.F.R. Section 46.46, and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

24.     Plaintiff is informed and believes and thereon alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of

1   produce to their own use and/or to an unknown third party or parties, in violation of their

2   statutory duties under PACA to preserve the trust assets for the benefit of Plaintiff. The statutory

3   trust created by PACA gives priority to the interest of Plaintiff on all inventories of products

4   derived from perishable agricultural commodities, and any receivables or proceeds from the sale

5   of such commodities or products that have been transferred to secured or unsecured creditors.

6        25.     As a direct and proximate cause and result of the wrongful acts and omissions of

7   the Defendants, Plaintiff has suffered the cumulative loss of at least Twenty-Nine Thousand Two

8   Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68), all of which qualifies for

9   protection under the PACA trust.

10   V.

11   **THIRD CAUSE OF ACTION**

12   **(For Violation of Perishable Agricultural Commodities Act:**

13   **Failure to Account and Pay Promptly Against All Defendants)**

14        26.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25

15   of this Complaint, inclusive, as though set forth herein.

16        27.     Plaintiff has repeatedly demanded that Defendants pay the amounts due states

17   above, for produce sold and delivered to Defendants as described above. Despite these demands,

18   Defendants have failed and refused to truly, correctly and accurately account for and make full

19   payments of the proceeds of those transactions. Therefore, Defendants have failed to perform the

20   requirements of said contracts of sale, express or implied, and have breached their duty to

21   account and pay for the product sold, and have diverted PACA trust assets to third parties, all in

22   violation of the provisions of PACA and all other pertinent regulations issued by the Secretary of

23   Agriculture to the PACA.

24        28.     As a direct and proximate cause and result of the wrongful acts and omission of

25   the Defendants as alleged above, Plaintiff has suffered the cumulative loss of at least Twenty-

26   Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68) in net

27   produce sales proceeds due and owing to Plaintiff in the amounts separately alleged above, and

28   wrongfully withheld or wrongfully diverted by Defendants.

# VI.

## FOURTH CAUSE OF ACTION

### (For Injunctive Relief and/or Temporary Restraining Order

### Against All Defendants)

29.    Plaintiff hereby realleges and incorporates by reference paragraph 1 through 28 of this Complaint, inclusive, as though fully set forth herein.

30.    Pursuant to the provisions of PACA and specifically 7 U.S.C. Section 449a et seq. and 499e(c)(1 through (4), inclusive, perishable agricultural commodities received by a commission merchant, broker or dealer in all transactions and all inventories or other products derived from these products are held in trust by the receiver for the benefit of the unpaid supplier until such suppliers receive full payment of sums owed in connection with such transactions.

31.    On several occasions, Plaintiff has demanded via written notice and telephone calls that Defendant pay the balance due to Plaintiff in the amounts alleged herein but Defendants have failed and refused and continue to fail and refuse to do so.

32.    Defendants have failed to pay their undisputed PACA trust debts to Plaintiff which are the subject of this Complaint.  Plaintiff is informed, believes and thereon alleges that the PACA trust assets are dissipating and will continue to dissipate unless Defendants are restrained.

33.    Pursuant to the terms of the statutory PACA trust herein alleged, and pursuant to Defendants' fiduciary duties as described above, said Defendants owed a duty to transfer to Plaintiff sums owed to Plaintiff for the produce shipments which are the subject of this Complaint.

34.    Plaintiff is informed and believes and thereon alleges that said Defendants have diverted and will continue to divert PACA trust assets due and owing to Plaintiff either to themselves or to third parties, or will dissipate, conceal or otherwise make such assets unavailable if a noticed hearing seeking injunctive relief is required.

35.    If such diversion of assets is allowed to continue, Plaintiff will suffer great and irreparable harm in that the PACA trust assets will not be preserved and Plaintiff will be

1    unable to pay its own creditors from whom the produce supplied to Defendants was purchased.

2    Moreover, Plaintiff and other creditors of Plaintiff's, a substantial number of which are statutory

3    trust creditors of Plaintiff under PACA, will suffer great and irreparable harm if all proceeds of

4    sale, including trust assets of Defendants are dissipated and are forever lost to such creditors.

5        36.    Therefore, Plaintiff requests that this Court enter an ex parte order for an

6    accounting and injunctive relief to compel turnover of all amounts subject to the PACA trust. In

7    the alternative, Plaintiff requests that this Court enter a temporary restraining order directing that

8    Defendants, Defendants' officers, directors, shareholders, bankers, attorneys, agents or any other

9    person acting on Defendants' behalf not disturb, transfer or otherwise dissipate the PACA trust

10   assets pending a hearing on the Plaintiff's Application for Injunctive Relief.

11       37.    Defendants will not be damaged or injured in any way by the requested relief

12   because the assets they hold are due and owing to Plaintiff. Further, to the extent the assets are

13   secured by the PACA trust, such assets rightfully belong to Plaintiff and are held in trust by

14   Defendants for the benefit of Plaintiff.

15                                 **VII.**

16                         **FIFTH CAUSE OF ACTION**

17               **(For Unjust Enrichment Against All Defendants)**

18       38.    Plaintiff hereby realleges and incorporates by reference paragraph 1 through 37 of

19   this Complaint, inclusive, as though fully set forth herein.

20       39.    Defendants have converted, or are now in the process of converting, to their own

21   use and benefit, the goods delivered to Defendants by Plaintiff and/or the proceeds therefrom,

22   valued in the cumulative amount of at least Twenty-Nine Thousand Two Hundred Forty-One

23   Dollars and Sixty-Eight Cents ($29,241.68) as separately set forth above.

24       40.    If Defendants are allowed to continue to convert and/or use such goods and/or

25   proceeds, they will be unjustly enriched to the detriment of Plaintiff.

26       41.    As a direct and proximate result of the wrongful conversion of funds due to

27   Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the

28   cumulative amount of at least Twenty-Nine Thousand Two Hundred Forty-One Dollars and

1 | Sixty-Eight Cents ($29,241.68), as separately set forth above.

2 | ## VIII.

3 | ### SIXTH CAUSE OF ACTION

4 | **(For Conversion Against All Defendants)**

5 | 42.    Plaintiff hereby realleges and incorporates by reference paragraph 1 through 41 of
6 | this Complaint, inclusive, as though fully set forth herein.

7 | 43.    At all times relevant herein, Plaintiff was, and currently is, entitled to possession
8 | of the specific sums as alleged herein in the total cumulative amount of at least Twenty-Nine
9 | Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68).

10 | 44.    Beginning in December 2006 and continuing thereafter, Plaintiff has repeatedly
11 | demanded the immediate turnover of the above-mentioned sums but Defendants have failed and
12 | refused, and continues to fail and refuse, to turn over such sums of money to Plaintiff. Plaintiff is
13 | informed and believes and thereon alleges that Defendants have diverted payments of accounts
14 | receivables, assets of the PACA trust and monies due and owing to Plaintiff to themselves and to
15 | other unknown third parties.

16 | ## IX.

17 | ### SEVENTH CAUSE OF ACTION

18 | **(For Declaratory Relief Against All Defendants)**

19 | 45.    Plaintiff hereby realleges and incorporates by reference paragraph 1 through 44 of
20 | this Complaint, inclusive, as though fully set forth herein.

21 | 46.    An actual controversy has arisen and now exists relating to the rights and duties of
22 | the parties herein in that Plaintiff contends that the PACA trust requires the Defendants to
23 | preserve the trust assets for the benefit of the Plaintiff until Plaintiff is fully paid and the
24 | Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust
25 | provisions.

26 | 47.    Plaintiff seeks an Order of this Court declaring that its PACA trust claims are
27 | superior to and have priority  as against any and all claims which Defendants might assert to the
28 | accounts receivable, inventory and proceeds of Defendants, to the extent such receivables,

1  inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is

2  beneficiary.  Plaintiff would show that any perfected interest which a third party might have in

3  Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable,

4  as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

5       48.    Further, Plaintiff seeks declaratory judgment from this Court establishing (1) that

6  the trust funds never became property of Defendants; and (2) that Plaintiff's trust claims under

7  PACA are superior to and take priority over Defendants' secured and unsecured claims, if any, to

8  Defendants' accounts receivable, inventory and proceeds thereof; and, (3) that only funds in

9  excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants,

10  possibly subject to a third party's liens or claims, if such are established, pursuant to 7 U.S.C.

11  Section 499(b)(4) and 7 C.F.R. Section 46.33.

12      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

13  **FIRST CAUSE OF ACTION**

14  **(For Breach of Contract)**

15      1.    For damages in the cumulative amount of Twenty-Nine Thousand Two Hundred

16  Forty-One Dollars and Sixty-Eight Cents ($29,241.68) .

17      2.    For interest and/or finance charges thereon at the highest legal rate from the date

18  the obligation became due and payable to Plaintiff;

19      3.    For reasonable attorney's fees and costs of suit incurred herein; and

20      4.    For such other and further relief as the Court may deem just and proper.

21  **SECOND CAUSE OF ACTION**

22  **(For Enforcement of Statutory Trust Provisions of PACA)**

23      1.    For an order requiring Defendants to immediately account for any pay all PACA

24  trust assets to Plaintiff in the cumulative amount of Twenty-Nine Thousand Two Hundred Forty-

25  One Dollars and Sixty-Eight Cents ($29,241.68);

26      2.    For interest and/or finance charges thereon at the highest legal rate from the date

27  the obligation became due and payable to Plaintiff;

28      3.    For  reasonable  attorney's  fees  and costs of suit incurred herein; and,

---

1         4.       For such other and further relief as the Court may deem just and proper.

2                         **THIRD CAUSE OF ACTION**

3          **(For Violation of PACA: Failure to Account and Pay Promptly)**

4         1.       For damages in the cumulative amount of Twenty-Nine Thousand Two Hundred

5 Forty-One Dollars and Sixty-Eight Cents ($29,241.68);

6         2.       For an order requiring Defendants to immediately account for any pay all PACA

7 trust assets to Plaintiff in the cumulative amount of Twenty-Nine Thousand Two Hundred Forth-

8 One Dollars and Sixty-Eight Cents ($29,241.68);

9         3.       For interest and/or finance charges thereon at the highest legal rate from the date

10 the obligation became due and payable to Plaintiff;

11         4.       For reasonable attorney's fees and costs of suit incurred herein; and,

12         5.       For such other and further relief as the Court may deem just and proper.

13                       **FOURTH CAUSE OF ACTION**

14         **(For Injunctive Relief; Temporary Restraining Order)**

15         1.       For an accounting and injunctive relief to turn over all amounts subject to the

16 PACA trust;

17         2.       For interest and/or finance charges thereon at the highest legal rate from the date

18 the obligation became due and payable to Plaintiff;

19         3.       For reasonable attorney's fees and costs of suit incurred herein; and,

20                         **FIFTH CAUSE OF ACTION**

21                     **(For Unjust Enrichment)**

22         1.       For damages in the cumulative amount of Twenty-Nine Thousand Two Hundred

23 Forty-One Dollars and Sixty-Eight Cents ($29,241.68);

24         2.       For interest and/or finance charges thereon at the highest legal rate from the date

25 the obligation became due and payable to Plaintiff;

26         3.       For reasonable attorney's fees and costs of suit incurred herein; and,

27         4.       For such other and further relief as the Court may deem just and proper.

28         **SIXTH CAUSE OF ACTION**

**(For Conversion)**

1.      For value of the monies converted in the cumulative amount of Twenty-Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68);

2.      For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

3.      For reasonable attorney's fees and costs of suit incurred herein; and,

4.      For such other and further relief as the Court may deem just and proper.

## SEVENTH CAUSE OF ACTION

### (For Declaratory Relief)

1.      For a declaratory judgment establishing that:

      (a)      The PACA trust funds never became the property of Defendants;

      (b)      The Plaintiff's trust claims under PACA are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds; and

      (c)      Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants possibly subject to the Defendants' liens or claims, if any are established.

2.      For enforcement of the trust provisions of PACA through payment of the cumulative sum of Twenty-Nine Thousand Two Hundred Forty-One Dollars and Sixty-Eight Cents ($29,241.68);

3.      For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Plaintiff;

4.      For reasonable attorney's fees and costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem just and proper.

1    Dated: August _20_, 2007

2

3                                        Respectfully Submitted,

4                                        JOHNSON & MONCRIEF, PLC

5                                        _____

6                                        Paul W. Moncrief, Esq.
                                         Attorneys for Plaintiff
7                                        Andrew Smith Company

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ANDREW SMITH Company**

GROWER · PACKER · SHIPPER

P.O. BOX 7296 · SPRECKELS, CA 93962-7296
(831) 757-1230
(831) 757-2230

WHEN MAKING PAYMENT, PLEASE RETURN ONE
COPY OF INVOICE OR REFER TO FILE NUMBER BELOW

**INVOICED TO:**
LETT US ON CORP
P.O. BOX 6576 LOIZA STAT
SAN JUAN
PR
00914xx

**SHIPPED TO:**
LETT US ON CORP

| DATE SHIPPED | BUYER P.O. NUMBER | DESCRIPTION | TERMS | BROKER NAME | BADGE NO. | UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 12/28/06 | FOBA NET 10 DAYS | CLEAN/CORE COOL CONTRACT FIBER BINS, ASCO | | 2792605 | | 33944 1 44 | .1950 24.0000 | 6,617.58 24.00 |

TRUCK OR CAR NO. AND ROUTING INSTRUCTIONS

| DATE | FILE NO. |
|---|---|
| 12/29/06 | 20755 |

REFER TO FILE NO.

**PLEASE PAY LAST AMOUNT IN THIS COLUMN**  6,617.58

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

This conformation is issued and accepted subject to the rules and regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agriculture Commodities Act. The absence of any immediately written protest against the confirmation or any part of it, will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

Credit on merchandise will not be allowed unless notified within 24 hours of arrival. No adjustments will be accepted without an authorized Andrew Smith Company adjustment number issued by our Sales Department. A timely Federal Inspection Certificate is required to all produce quality issues.

NOTICE: Shipper agrees to be responsible for any violations of State and Federal Laws pertaining to shipments of Fruits and Vegetables under the Food and Drug Acts covering infrastate and interstate commerce. ALL SALES F.O.B.A. NO GRADE CONTRACT GOOD DELIVERY STANDARDS APPLY EXCLUDING BRUISING AND/OR DISCOLORATION FOLLOWING BRUISING. Andrew Smith Company collects and Remits for the Shippers and Receivers convenience.

A finance charge of 1 1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. In the event of any judicial or quasi-judicial action, the prevailing party in such action shall be entitled to all reasonable legal fees and costs.

THIS INVOICE REPRESENTS OUR UNDERSTANDING OF THE TRANSACTION AS CONSUMMATED. NOTE ANY CONTRACTUAL DISCREPANCIES UPON ITS RECEIPT, OTHERWISE WE WILL ASSUME YOU CONSIDER IT CORRECT.

**FILE COPY**

A-5

**EXHIBIT B**

ANDREW SMITH Company

GROWER - PACKER - SHIPPER

P.O. BOX 7296 • SPRECKELS, CA 93962-7296
(831) 757-1230
(831) 757-2230

**WHEN MAKING PAYMENT, PLEASE RETURN ONE COPY OF INVOICE OR REFER TO FILE NUMBER BELOW**

Product Condition Will Exclude:
EPIDERMUS PEEL and BLISTERING

INVOICED TO:
LETT US ON CORP
F.O. BOX 6070 LOIZA STAT
SAN JUAN
PR                    00964C0

SHIPPED TO:
LETT US ON CORP

CLEAN/CORE COOL CONTRACT
RECORDER
FIBER BINS, 4520

| DATE SHIPPED | BUYER P.O. NUMBER | DESCRIPTION | TERMS | BROKER NAME | BROKER I.D. | DATE | UNITS | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1/15/07 | | FIBER BIN 10 TONS | TRUCK OR CAR NO. AND ROUTING INSTRUCTIONS | | | 1/15/07 | | | |
| | | | | 287649C | 2608444 1 44 | 1/15/07 | 24,4950 24,0000 | 7,093,56 6,989,58 24,00 | |

REFER TO FILE NO:
FILE NO.

**PLEASE PAY LAST AMOUNT IN THIS COLUMN** ▶ 7,093,56

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

This conformation is issued and accepted subject to the rules and regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agriculture Commodities Act. The absence of any immediately written protest against the confirmation or any part of it, will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

Credit on merchandise will not be allowed unless notified of defects within 24 hours of arrival. No adjustments will be accepted without authorized Andrew Smith Company adjustment number issued by our Sales Department. A timely Federal inspection Certificate is required for all produce quality issues.

NOTICE: Shipper agrees to be responsible for any violations of State and Federal Laws pertaining to shipments of Fruits and Vegetables under the Food and Drug Acts covering intrastate and interstate commerce. ALL SALES F.O.B.A. NO GRADE CONTRACT GOOD DELIVERY STANDARDS APPLY EXCLUDING BRUISING AND/OR DISCOLORATION FOLLOWING BRUISING. Andrew Smith Company collects and Remits for the Shippers and Receivers convenience.

A finance charge of 1 1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. In the event of any judicial or quasi-judicial action, the prevailing party in such action shall be entitled to all reasonable legal fees and costs.

THIS INVOICE REPRESENTS OUR UNDERSTANDING OF THE TRANSACTION AS CONSUMMATED. WERE ANY CONTRACTUAL DISCREPANCIES UPON ITS RECEIPT, OTHERWISE WE WILL ASSUME YOU CONSIDER IT CORRECT.

FILE COPY

**EXHIBIT C**



ANDREW SMITH
Company

GROWER · PACKER · SHIPPER

P.O. BOX 7296 · SPRECKELS, CA 93962-7296
(831) 757-1230
(831) 757-2230

WHEN MAKING PAYMENT, PLEASE RETURN ONE
COPY OF INVOICE OR REFER TO FILE NUMBER BELOW.

**INVOICED TO:**
LETT US ON CORP
P.O. BOX 6576 LOIZA STAT
SAN JUAN
PR

0951440

**SHIPPED TO:**
LETT US ON CORP

| DATE SHIPPED | BUYER P.O. NUMBER | | TERMS | | TRUCK OR CAR NO. AND ROUTING INSTRUCTIONS | BROKER NAME | | REFER TO FILE NO. |
|---|---|---|---|---|---|---|---|---|
| 1/19/07 | | | FOB & NET 10 DAYS | | | | | FILE NO. |

| DESCRIPTION | BROKER NO. | UNITS | | DATE | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|
| AVENTURERO TRUCKING | | | | 1/30/07 | | 21379 |
| CLEAN/CORE COOL CONTRACT | | | | | | |
| RECORDER | | | 44133 | | .00000 | 0.00 |
| FIBER BINS, 45CO | 22464451 | 43 | | 1/30/07 | 24.00000 | 0.00144.54 24.00 |

PLEASE PAY LAST AMOUNT IN THIS COLUMN ▶ 0.00144.54

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

This conformation is issued and accepted subject to the rules and regulations and definitions or terms as recognized and approved by the U.S. Secretary of Agriculture under The Perishable Agriculture Commodities Act. The absence of any immediately written protest against the confirmation or any part of it, will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

Credit on merchandise will not be allowed unless notified of defects within 24 hours of arrival. No adjustments will be accepted without authorized Andrew Smith Company adjustment number issued by our Sales Department. A timely Federal Inspection Certificate is required for all produce quality issues.

NOTICE: Shipper agrees to be responsible for any violations of State and Federal Laws pertaining to shipments of Fruits and Vegetables under the Food and Drug Acts covering intrastate and interstate commerce. ALL SALES F.O.B., NO GRADE CONTRACT GOOD DELIVERY STANDARDS APPLY EXCLUDING BRUISING AND/OR DISCOLORATION FOLLOWING BRUISING. Andrew Smith Company collects and Remits for the Shippers and Receivers convenience.

A finance charge of 1 1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. In the event of any judicial or quasi-judicial action, the prevailing party in such action shall be entitled to all reasonable legal fees and costs.

THIS INVOICE REPRESENTS OUR FULL UNDERSTANDING OF THE TRANSACTION AS CONSUMMATED. WERE ANY CONTRACTUAL DISCREPANCIES UPON ITS RECEIPT, OTHERWISE WE WILL ASSUME YOU CONSIDER IT CORRECT.

FILE COPY

**EXHIBIT D**



**ANDREW SMITH Company**

GROWER · PACKER · SHIPPER

P.O. BOX 7296 · SPRECKELS, CA 93962-7296
(831) 757-1230
(831) 757-2230

WHEN MAKING PAYMENT, PLEASE RETAIN ONE
COPY OF INVOICE OR REFER TO FILE NUMBER BELOW

**Product Condition Will Exclude:**
**EPIDERMUS PEEL and BLISTERING**

INVOICED TO:

LETT US ON CORP
P.O. BOX 6572 LOIZA STAT
SAN JUAN
PR

00091400

SHIPPED TO:

LETT US ON CORP

| DATE SHIPPED | BUYER P.O. NUMBER | DESCRIPTION | TERMS | BROKER NAME | BROKER NO | UNITS | UNIT PRICE | AMOUNT | REFER TO FILE NO. |
|---|---|---|---|---|---|---|---|---|---|
| 2/02/07 | FR01310795 | FOB8 NET 10 DAYS | | | | | 2/02/07 | | 31374 |
| | CLEAN/CURE COOL CONTRACT | | | | | 23844 | .1750 | 7,673.50 | |
| | REORDER | | | | | 1 | 24.0000 | 24.00 | |
| | FIBER BINS, 85CO | E135572B | | | | 44 | | | |

TRUCK OR CAR NO. AND ROUTING INSTRUCTIONS

PLEASE PAY LAST AMOUNT IN THIS COLUMN ▶

7,715.50

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5 (c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e (c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sales of these commodities until full payment is received.

This confirmation is issued and accepted subject to the rules and regulations and definitions of terms as recognized and approved by the U.S. Secretary of Agriculture under the Perishable Agriculture Commodities Act. The absence of any immediately written protest against the confirmation or any part of it, will be construed as an acknowledgment of complete understanding and agreement with the statements and requirements made herein.

Credit on merchandise will not be allowed unless notified of defects within 24 hours of arrival. No adjustments will be accepted without authorized Andrew Smith Company adjustment number issued by our Sales Department. A timely Federal Inspection Certificate is required for all produce quality issues.

NOTICE: Shipper agrees to be responsible for any violations of State and Federal Laws pertaining to shipments of Fruits and Vegetables under the Food and Drug Acts covering intrastate and interstate commerce. ALL SALES F.O.B.A. NO GRADE CONTRACT GOOD DELIVERY STANDARDS APPLY EXCLUDING BRUISING AND/OR DISCOLORATION FOLLOWING BRUISING. Andrew Smith Company collects and it sells for the Shippers and Receivers convenience.

A finance charge of 1 1/2% per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. In the event of any judicial or quasi-judicial action, the prevailing party in such action shall be entitled to all reasonable legal fees and costs.

THIS INVOICE REPRESENTS OUR UNDERSTANDING OF THE TRANSACTION AS CONSUMMATED. WHAT ANY CONTRACTUAL DISCREPANCIES UPON ITS RECEIPT, OTHERWISE WE WILL ASSUME YOU CONSIDER IT CORRECT.

FILE COPY