**E-FILED on**   1/30/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW SMITH COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>LETT US ONE, ROBERT ROMERO, and LIZZETE MALDONADO,<br><br>    Defendants. | No. C-07-04306 RMW<br><br>ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 13, 16, 18]** |

    Andrew Smith Company ("Andrew Smith") asks the court to enter default judgment against defendants Lett Us One, Robert Romero, and Lizzete Maldonado pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendants have not opposed the motion and did not appear at the hearing conducted by the court on January 18, 2007. Based on the papers submitted to date and the comments of plaintiff's counsel at the hearing, the court grants the application for default judgment.

## I. BACKGROUND

    Andrew Smith sued Lett Us One, Robert Romero, and Lizzete Maldonado pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e *et seq*. Although it appears that Andrew Smith originally sought to enforce its trust rights and to collect PACA trust assets, the present motion for default judgment appears to seek only interest on the principal amount of unpaid

1 invoices and attorney's fees due pursuant to the purchase terms between Andrew Smith and
2 defendants.

3     Andrew Smith alleges that between December 2006 and February 2007, defendants
4 purchased four shipments of lettuce, a perishable agricultural commodity, from Andrew Smith.
5 Compl. ¶ 9. Pursuant to the complaint, defendants promised to pay and Andrew Smith invoiced a
6 total of $27,992.69 for the four shipments. *Id.* ¶ 12. Andrew Smith invoiced defendants for each of
7 four shipments, each of which was allegedly overdue by at least 90 days as of the filing of the
8 complaint. *Id.* ¶ 9. Andrew Smith contacted defendants subsequent to their failure to pay for the
9 four shipments, but defendants failed to remit payment by the agreed upon date. *Id.* ¶ 10.

10     On August 21, 2007, Andrew Smith filed its complaint against defendants. The clerk of the
11 court entered default against defendants on November 16, 2007. On December 3, 2007, Andrew
12 Smith filed a motion for default judgment seeking $15,785.52, plus prejudgment interest at the rate
13 of 1.5% and attorney's fees and costs of $5,220.00. It set the hearing on its application for default
14 for January 18, 2008.

15     On January 17, 2008, the day before the hearing, Andrew Smith filed a first amended motion
16 for default judgment seeking a total amount of $17,743.49. This amount includes an unpaid
17 principal amount of $7,755.58, prejudgment interest in the amount of $3,462.91 (calculated at the
18 rate of 1.5% per month), and attorney's fees and costs of $6,525.00. Thereafter, defendants
19 contacted Andrew Smith indicating that all principal amounts on the Andrew Smith invoices had
20 previously been paid. 2d Am. Decl. Paul Hart Supp. 2d Am. App. Def. J. ("Hart Decl.") ¶ 3.
21 Andrew Smith confirmed that Invoice No. 21029 was paid on October 22, 2007, Invoice No. 21179
22 was paid on December 14, 2007 and Invoice No. 21374 was paid on January 9, 2008. *Id.* ¶ 4-5.
23 Based on this confirmation (and approximately 2 hours after it filed its first amended application for
24 default judgment) Andrew Smith filed a second amended application for default judgment, now
25 seeking a total judgment of $10,700.12. This revised amount no longer includes any unpaid
26 principal, but seeks prejudgment interest at a rate of 1.5% per month (18% annual percentage rate)
27 on the now-paid principal amount and a higher amount of attorney's fees and costs of $7,265.00 to
28

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT—No. C-07-04306 RMW
MAG      2

reflect unbilled amounts and anticipated costs of participating in the hearing on the default judgment application.

## II. ANALYSIS

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for entry of default judgment. The grant of a default judgment is within the discretion of the district court. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As set forth above, defendants have now paid the principal balance owed. Andrew Smith seeks only unpaid interest on the now-paid principal at an interest rate of 18% and attorney's fees for its time pursuing this action against defendants. As part of its second amended application for default judgment, Andrew Smith does address whether defendants are aware of Andrew Smith's present demands for interest and attorney's fees. At the hearing, however, Andrew Smith's counsel assured the court that defendants are in receipt of its second amended application for default judgment and were discussing with counsel the possibility of paying a reduced amount of attorney's fees. The court is now satisfied that defendants have notice of Andrew Smith's amended request.

Defendants have not appeared in this action and do not appear to intend to appear, thus it appears that Andrew Smith would be prejudiced by further delay in this case against such a non-participating defendant. As to the merits of the claim, Andrew Smith attached to its complaint copies of the relevant invoices showing both the principal amount due and the term providing for (1) a finance charge for past due balances and (2) attorney's fees. *See, e.g.*, Compl. Ex. A ("A finance charge of 1 ½ % per month (18% annual percentage rate) will be applied to previous balance of all past due accounts. In the event of any judicial or quasi-judicial action, the prevailing party in such action shall be entitled to all reasonable legal fees and costs."). These invoices and the recently-

submitted evidence that defendants have paid the requested principal balance, Hart Decl. ¶ 4, supply strong evidence supporting Andrew Smith's claim that it is owed interest on the principal amounts at an interest rate of 18%, and the payment by defendants indicate that Andrew Smith prevailed in this action. There do not appear to be any material facts in dispute. There is also no evidence of excusable neglect by defendant in this matter. Defendants are a corporation and two adult individuals, none is an infant, incompetent, or military person. Based on the emails and receipts submitted to the court, defendants have received notice of court proceedings in general and of the motion for default judgment in particular, yet defendants have failed to respond. On balance, the factors weigh in favor of granting default judgment.

Andrew Smith has set forth its prejudgment interest calculations. It applied an interest amount of 18% per annum, in accordance with the terms set forth on the invoices. Interest was calculated from the past due date for each unpaid invoice to the date on which the plaintiff paid the principal on the invoice. Andrew Smith calculated the finance charges to be as follows: for Invoice No. 21029, $932.20; for Invoice No. 21179, $1,254.52; and for Invoice No. 21374, $1,246.40. Hart Decl. ¶ 5. The calculated amounts appear to be accurate. Andrew Smith also seeks attorney's fees and costs in a total amount of $7,265.00. It has provided support for the requested amount of costs ($740.00) for court fees and service. *See* Hart Decl., Ex. B. Andrew Smith has also provided adequate proof that is has incurred $5,837.50 in attorney's fees in this action against defendants. It has not, however, provided support for the additional $787.50 in unbilled attorney's fees. The court declines to award this unbilled sum. Accordingly, the court awards Andrew Smith $5,837.50 in attorney's fees and $740.00 in costs.

### III. ORDER

For the foregoing reasons, the court grants in part Andrew Smith's second amended application for default judgment. Default judgment will be entered in favor of Andrew Smith in the amount of $10,012.62 which represents $3,435.12 in finance charges; $5,837.50 in attorney fees; and $740.00 in costs.

DATED:  1/29/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART APPLICATION FOR DEFAULT JUDGMENT—No. C-07-04306 RMW
MAG                                        4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Lester Paul Hart          PaulHart@JohnsonMoncrief.com
Paul William Moncrief     paul@johnsonmoncrief.com

**Counsel for Defendants:**

No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       1/30/08                         /s/ MAG
                                          **Chambers of Judge Whyte**